Cooper
Tenn. Ch.
1c   400
116   67

ROBERT C. FOSTER, 3d, for use, &c., *vs.* THOS. H. BRADFORD & others.

## October Term, 1873.

CHANCERY SALE—DEFICIENCY IN LAND.—A purchaser at a chancery sale, who receives a deed correctly reciting the boundaries of the land bought, is not entitled to compensation for a deficiency in the number of acres called for within those boundaries.

SAME—PETITION—ADVERSE POSSESSION.—A petition by a purchaser at a chancery sale, who has received a deed for the land bought, alleging that within the limits of the land thus conveyed, " *as he is informed,*" there is a certain number of acres in adverse possession of another and in litigation, and which does not aver that the title acquired is invalid, shows no ground of relief, and will be dismissed on demurrer.

SAME—CREDITORS BILL IN INVITUM.—*Semble*, the rule at a chancery sale under a creditor's bill *in invitum* is ordinarily, *caveat emptor.*

THE CHANCELLOR :—This is a demurrer to the petition of Charles M. Ewing, filed on the 29th of August, 1873, for relief as a purchaser of land sold in this cause.

The original bill was filed by a creditor of Bradford to attach the estate of the latter as a non-resident of the state, and especially certain lands "set out and described," and subject the same by sale to the satisfaction of complainant's debts. The cause was proceeded with until the 22d of May, 1869, when an order was made "directing a sale of the interest of said defendant, Thomas H. Bradford, in the land attached," and, says the petition, among the other lands ordered to be sold was the undivided one-half interest of Bradford "in and to the 2,160 acre tract mentioned and described

in said bill, lying in Weakley county, Tennessee, and petitioner refers to the said bill for a more particular description of said tract.'' Under this decree renewed the land was sold by the clerk and master on the 27th of September, 1870, on a credit of 12 and 24 months, and petitioner became the purchaser at the price of $8,000, and executed his notes as required, and the sale has long since been confirmed, to wit: at the October term, 1870, ''and pursuant to said order of confirmation the clerk and master has executed a deed of said land to your petitioner,'' and all the purchase-money has been paid except about $1,000.

The petition then states that the bill described said land as 2,160 acres, that the clerk and master advertised said land ''as an undivided one-half of 2,160 acres,'' and on the day of sale, *as petitioner is informed* and believes, announced that he was selling the same as an undivided half of 2,160 acres.'' That petitioner purchased on the faith of these representations, and that ''within the limits of the said land as described by said bill, and the deed made by the clerk and master to petitioner pursuant to the decree, there is not the amount of 2,160 acres, but the same actually falls short by survey about 140 acres.''

''Petitioner states further, of the land actually conveyed, *as he is informed*, by said deed, and within the limits thereof, about 134 acres are in the adverse possession of another, and claimed by the adverse holder, the said adverse holder being no party to the suit, and the same is now in litigation.''

''Petitioner states *on information* that the boundaries of the deed, and those in said decree, are so imperfectly set forth that the same cannot be platted, and the number of acres are impossible to be ascertained except by actual survey. In fact the bounds are improperly and erroneously set forth.''

The prayer of the petition is for an abatement of the purchase-money to the extent of the value of the actual loss by deficiency at the average price of the whole bid, and for a similar abatement as to the land in litigation, should he fail to secure a title thereto, and, until the termination of the

26

litigation for such temporary order for his protection as the court may deem necessary.

There is some conflict in our authorities as to the right of a purchaser to come in for relief by petition in the original cause, after the confirmation of sale. The weight of decision, but not of reason, seems to be in favor of such right *at any time before a conveyance is executed.* *Deaderick* v. *Smith*, 6 Hum. 138, 147 ; *Read* v. *Fite*, 8 Hum. 328 ; *Blackmore* v. *Barker*, 2 Swan, 342. See *contra, McMinn* v. *Phepps*, 3 Sneed, 196. But it seems to be agreed that after confirmation and *conveyance* the remedy is by an original bill, and that, perhaps, only such grounds of relief would be available in such cases, as would avail to obtain relief in the case of an executed contract between individuals. *Pearson* v. *Johnson*, 2 Sneed, 584 ; *Horne* v. *Denton*, 2 Sneed, 125. The reason for this distinction is that; after confirmation and conveyance, the original cause is out of court and ended as to the sale, but it may be equally out of court long before the purchaser calls for a conveyance.

No exception is taken by the demurrer to the form in which the petitioner comes into court, and the defendant to the petition thereby waives the question of form. The effect of this waiver, however, is only to require the court to treat the petition as an original bill, and determine the rights of the parties on the merits as if he had come in by original bill.

The object of the petition is not to rescind the sale, but, conceding its validity, to obtain a deduction upon the purchase-money. In such a case, it is obvious, inasmuch as the party desires to stand upon his bargain, that he must show affirmatively some positive contract entitling him to the deduction asked, or some clear equity moving the conscience of the opposite party. For, his willingness to abide by the trade is pursuasive that it is a good bargain, and that, peradventure, if it were set aside altogether the land admitted to have been received would be worth as much as the original purchase-money

The ground of the petition as to the actual deficiency of 140 acres, is that the land was advertised and sold as an undivided half of 2,160 acres, and so bought by the petitioner without knowledge of the true facts. But the petition itself shows that the boundaries of the tract were set out in the bill, and in the deed to him by the clerk and master. He has therefore got all that the court undertook to sell and all that he bought. It may be, perhaps, that if, immediately after the sale and before confirmation and conveyance, he had applied to the court for relief from the entire sale upon the ground of deficiency, giving to the other side the option to rescind or make a deduction in the price, the application would have merited attention. But, after conveyance, he comes with a bad grace with his present claim, and will not be relieved except upon clear grounds of contract or equity. His contract, however, was the land as described in the bill and conveyance. And it is well settled in this state, notwithstanding an early case looking otherwise (*Bond* v. *Jackson*, 3 Hay. 189), that where the boundaries of land are correctly given in the contract or conveyance, and there is no stipulation as to quantity, although the number of acres supposed to be contained in the boundaries be mentioned, nor any fraud, no deduction in price can be made for deficiency in quantity, and this, for the reason already given, that the purchaser gets exactly what he bargained for, the land covered by the boundaries. *Allison* v. *Allison*, 1 Yer. 16 ; *Meek* v. *Beardon*, 5 Yer. 471, and *Miller* v. *Bentley*, 5 Sneed, 671. The petitioner fails therefore in showing any claim to relief on the ground of contract. And he shows no ground whatever upon which the court can operate upon the conscience of the defendant, the creditor, at whose instance the land was sold. The only ground relied on by the petition in this connection is that the clerk and master, at the sale, announced that he was selling an undivided half of 2,160 acres, which announcement was only a repetition of the advertisement, and is, moreover, stated by the petitioner as on "information," and could not consequently have been addressed to him, or influenced him personally.

The second ground of relief relied on is that within the limits of the land conveyed, "*as he is informed,*" about 134 acres are in the adverse possession of another, and in litigation. It need scarcely be said that "information" alone is no sufficient ground for coming into this court for such relief. There must be positive averment to put the machinery of the court in motion. Story Eq. Pl., § 241; *Egrement* v. *Cowell*, 5 Beav. 620.

But, outside of this defect of pleading, there is the further defect of substance that the petition does not allege that the title acquired by the sale and conveyance is not good. For, if the title of the petitioner thus acquired be good, he has got all that he bargained for.

A still more serious difficulty lies in the petitioner's way. The original bill, as we have seen, was a creditor's bill to subject the land of his debtor to the satisfaction of his debt *in invitum*. The order of sale, upon an ordinary attachment bill in such a case, is equivalent to an execution upon a creditor's judgment at law. In the latter case, the authorities are uniform that the rule at such sales is *caveat emptor*, and, upon principle, it would seem to be equally so in equity. The distinction between such sales, and sales by the chancery court of lands for purposes of partition is recognized in *Deaderick* v. *Smith*, 6 Hum. 147, citing *Smith* v. *Britain*, 3 Ire. Eq. 347, and by the Code, 4105. Whether a purchaser at chancery sale might be entitled to relief from the effects of this rule, upon a bid made in ignorance of the character of the proceedings, and where the application is made before conveyance, we need not stop to enquire. No relief is sought on any such ground in this petition.

The allegations of the petition "*on information*" that the boundaries cannot be platted, nor the number of acres be ascertained except by actual survey, and that the bounds are imperfectly and erroneously set forth, are, perhaps, void for uncertainty. At any rate, they do not contain any ground for relief, because they are not shown to have affected the petitioner's rights acquired under the sale. The petition

should have shown affirmatively how, and to what extent the petitioner was injured by the impossibility of platting his lands without a survey, and by the supposed improper and erroneous recitals of boundary. It may be that the petitioner has been benefitted rather than injured by the peculiarities in question.

Sustain the demurrer, and dismiss the petition with costs.